RACHAEL A. HONIG
Acting United States Attorney
JOHN STINSON
Assistant United States Attorney
402 East State Street
Trenton, NJ 08608
Tel. (609) 858-0305
email: John.Stinson@usdoj.gov
*Counsel for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATASHA MORALES, | THE HONORABLE _____ |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 21-cv-12138 _____ |
| COUNTY OF CAMDEN, MARK KEMNER, VINCENT SCHMIDT, CAMDEN COUNTY SHERIFF'S OFFICE, JOHN/JANE DOE 1 and JOHN/JANE DOES 2-10, | **NOTICE OF REMOVAL AND SUBSTITUTION OF DEFENDANT** |
| *Defendant.* | |

To:   Clerk of Court
      Superior Court for Camden Cty.
      Law Division
      101 S 5th Street
      Camden, NJ 08103

Peter Kober, Esq.
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
*Attorney for Plaintiff,*
*Natasha Morales*

      Krista A. Schmid, Esquire
      Assistant County Counsel
      Office of County Counsel
      520 Market Street
      Courthouse, 14th Floor
      Camden, NJ 08102
      *Attorney for defendants County of*
      *Camden and Camden County*
      *Sheriff's Office*

PLEASE TAKE NOTICE that the action previously pending in the Superior Court of Camden County, New Jersey, Law Division, captioned *Natasha Morales v. County of Camden, Mark Kemner, Vincent Schmidt, Camden County Sheriff's Office, John/Jane Doe 1, and John/Jane Does 2-10*, CAM-L-003015-20 (the "State Court Action"), is hereby removed pursuant to the provisions of 28 U.S.C. §§ 1442, 2679.

PLEASE TAKE FURTHER NOTICE that under 28 U.S.C. § 2679(d), the United States of America is substituted for defendants Mark Kemner and Vincent Schmidt with respect to all claims set forth in the Amended Complaint.

The United States, by its counsel, Rachael A. Honig, Acting United States Attorney for the District of New Jersey, through John Stinson, Assistant U.S. Attorney, appearing, files this Notice of Removal and Substitution of Defendant in the office of the Clerk of the United States District Court for the District of New Jersey, and in support of such removal respectfully represents:

1.  On or about September 9, 2020, the plaintiff, Natasha Morales, filed a Complaint in the Superior Court of Camden County, New Jersey, Law Division (Docket No. CAM-L-003015-20). Plaintiff then filed an Amended Complaint on or about September 14, 2020.  A copy of the Amended Complaint is attached hereto as Exhibit A.

2.  The Amended Complaint brings claims against defendants County of Camden, New Jersey; Mark Kemner; Vincent Schmidt; Camden County Sheriff's Office; John/Jane Doe 1; and John/Jane Does 2-10.

3.      The United States District Court for the District of New Jersey embraces the place in which the State Court Action is pending.

4.      Upon information and belief, defendants Kemner and Schmidt were served with the Amended Complaint through the Camden County Sheriff's Office some time prior to County Counsel for Camden County filing an answer to the Amended Complaint on behalf of all defendants to the State Court Action on November 11, 2020. A copy of the Answer is attached here as Exhibit B.

5.      No service of the Amended Complaint has been made upon the United States pursuant to Fed. R. Civ. P. 4(i).

6.      The Office of United States Attorney for the District of New Jersey recently learned of the existence of this lawsuit in state court.

7.      The United States is not a named defendant in the Amended Complaint.

8.      Notwithstanding the fact that the United States was not named a defendant in the Amended Complaint, the United States is the proper defendant in place of defendants Kemner and Schmidt in this matter for the reasons explained below.

9.      The Amended Complaint states that plaintiff brings New Jersey state law claims for violations of her civil rights.

10.     The Amended Complaint describes the claims as seeking redress for alleged harms arising from a search pursuant to a court-issued search warrant

executed by Kemner and Schmidt and unnamed others at a residence in Pennsauken, New Jersey on or around October 11, 2019.

11.     The activity of named defendants Kemner and Schmidt, as described in the Amended Complaint, concerns conduct performed by these individuals in the course and scope of Kemner and Schmidt's employment with the United States.  *See* Exhibit C, Certification of Scope.

12.     At the time of the events in question, each of Kemner and Schmidt were working as Special Deputy United States Marshals as part of a federal task force.

13.     Section 2679(b) of Title 28 of the United States Code, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 (Public Law 100-694), provides that the Federal Tort Claims Act ("FTCA") is the exclusive remedy for such claims concerning the conduct of federal employees.

14.     Accordingly, the claims against Kemner and Schmidt in the State Court Action are deemed to be an action against the United States, and shall proceed against the United States, because named defendants Kemner and Schmidt were each acting within the scope of federal employment, pursuant to 28 U.S.C. § 2679(d), at the time of the events in question.

15.     Further, pursuant to 28 U.S.C. § 2679(d)(2), the "United States shall be substituted as the party defendant" in the place of Kemner and Schmidt.

16.      The United States District Court has exclusive jurisdiction over this civil action against the United States. 28 U.S.C. § 1346(b).

17.     This action may be properly removed to this Court at this time.  "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending."  28 U.S.C. § 2679(d)(2) (emphasis added).

18.     This Notice of Removal will be filed with the Clerk of the Superior Court of Camden County, New Jersey, Law Division, and will be served on the plaintiff in accordance with 28 U.S.C. § 1446(d).

THEREFORE, in accordance with 28 U.S.C. §§ 1442, 2679, the above-captioned action brought in the Superior Court of Camden County, New Jersey, Law Division, is now removed to this Court.

                              RACHAEL A. HONIG
                              Acting United States Attorney

                    By:     / s / *John Stinson*
                              JOHN STINSON
                              Assistant U.S. Attorney

Dated: June 4, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, John Stinson, hereby certify that on this 4th day of June, 2021, I caused a true copy of the foregoing Notice of Removal, with accompanying exhibits, to be served upon the following counsel by Certified Mail and electronic mail:

Peter Kober, Esq.
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
*Attorney for Plaintiff, Natasha Morales*

*s/ John Stinson*
John Stinson

# Exhibit A

Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Natasha Morales

| | |
|---|---|
| NATASHA MORALES, | Superior Court of New Jersey |
| | Law Division: Camden County |
| Plaintiff | |
| | Docket No. <u>CAM-L-003015-20</u> |
| vs. | |
| | Civil Action |
| COUNTY OF CAMDEN, MARK KEMNER, VINCENT SCHMIDT, CAMDEN COUNTY SHERIFF'S OFFICE, JOHN/JANE DOE 1 and JOHN/JANE DOES 2-10, | |
| | **AMENDED VERIFIED COMPLAINT AND JURY DEMAND** |
| Defendants | |

Plaintiff, NATASHA MORALES, residing at 324 N. 37th Street, in the Township of

Pennsauken, County of Camden, and State of New Jersey 08110, by way of Complaint, states:

COUNT I: CRA CLAIM FOR PROLONGED INVESTIGATIVE DETENTION AGAINST INDIVIDUAL
DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

1. Plaintiff, NATASHA MORALES, is an adult female individual, who resides at 324 N. 37th

   Street, in the Twp of Pennsauken, County of Camden, and State of New Jersey 08110.

2. Defendant, COUNTY OF CAMDEN, is a public entity, with a principal office at 520 Market

   Street, 14th Floor, in the City of Camden, County of Camden, and State of New Jersey

   08102.

3. Defendant, CAMDEN COUNTY SHERIFF'S OFFICE, is a public entity, with a principal

   office at 520 Market Street, Room 100, in the City of Camden, County of Camden,

   and State of New Jersey 08102.

4.  Defendant, MARK KEMNER, sued in his individual capacity, at all relevant times hereto
was an officer employed by the Defendant, CAMDEN COUNTY SHERIFF'S OFFICE, with a
principal office at 520 Market Street, Room 100, in the City of Camden, County of
Camden, and State of New Jersey 08102, and was acting under color of state law.

5.  Defendant, VINCENT SCHMIDT, sued in his individual capacity, at all relevant times
hereto was an officer employed by the Defendant, CAMDEN COUNTY SHERIFF'S OFFICE,
with a principal office at 520 Market Street, Room 100, in the City of Camden, County
of Camden, and State of New Jersey 08102, and was acting under color of state law.

6.  Defendant, JOHN/JANE DOE 1, is a fictitious person, whose correct identity cannot be
presently ascertained, who at all relevant times hereto was an employee of the
Defendant(s), COUNTY OF CAMDEN or CAMDEN COUNTY SHERIFF'S OFFICE, with a
principal office at 520 Market Street, in the City of Camden, County of Camden, and
State of New Jersey 08102, and was acting under color of state law.

7.  Defendants, JOHN/JANE DOES 2-10, are fictitious persons, whose correct identity cannot
be presently ascertained, who at all relevant times herein were employees of the
Defendant(s), COUNTY OF CAMDEN or CAMDEN COUNTY SHERIFF'S OFFICE, with a
principal office at 520 Market Street, Camden, New Jersey, and who were involved,
either as decisionmakers or as participants, in the conduct involving Plaintiff which
forms the subject matter of this Complaint, and were acting under color of state law.

8.  On October 11, 2019, Plaintiff, NATASHA MORALES, was an occupant of Apartment 1 at
324 N. 37th Street, in the Twp of Pennsauken, Cty of Camden, and State of NJ 08110.

2

9. On the aforesaid date and at the aforesaid place at approximately 6 A.M., Plaintiff, NATASHA MORALES, was home asleep in her bed.

10. On October 4, 2019, Defendants, MARK KEMNER and VINCENT SCHMIDT, had obtained a search warrant for entry into Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey (mistakenly designated on the search warrant as being in Camden, NJ 08104).

11. On October 11, 2019, at approximately 6 A.M., Defendant, MARK KEMNER, as leader of a squad of officers, came to Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey for the purpose of executing the search warrant for Apartment 1 at 324 N. 37th Street, Camden, New Jersey 08104, signed on October 4, 2019.

12. On October 11, 2019, at approximately 6 A.M., Defendant, VINCENT SCHMIDT, as leader of a squad of officers, came to Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey for the purpose of executing the search warrant for Apartment 1 at 324 N. 37th Street, Camden, New Jersey 08104, signed on October 4, 2019.

13. Defendant, MARK KEMNER, gave the orders which were obeyed by the other officers.

14. Defendant, VINCENT SCHMIDT, gave the orders which were obeyed by the other officers.

15. One of the officers did ring the doorbell to the apartment.

16. When ringing the doorbell brought no response, the officers, including Defendant, MARK KEMNER, forcibly entered Apartment 1 at 324 N. 37th Street, Pennsauken, NJ.

17. When ringing the doorbell brought no response, the officers, including Defendant, VINCENT SCHMIDT, forcibly entered Apartment 1 at 324 N. 37th Street, Pennsauken, NJ.

18. Once inside Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey, the officers roused the other occupants of the apartment from their beds.

19. One other occupant of the apartment at the time of the subject entry was Joshua Calo, an adult male individual.

20. Another occupant of the apartment at the time of the subject entry was Tyrell Rogers, an adult male individual.

21. Another occupant of the apartment at the time of the subject entry was Plaintiff.

22. The officers arrested Joshua Calo.

23. The officers directed Tyrell Rogers and Plaintiff to move into the living room and sit.

24. Tyrell Rogers and Plaintiff obeyed the officers' command to move into the living room and sit and did so.

25. The officers then searched the apartment for about ten minutes.

26. In the course of their search of the apartment, the officers found a gun.

27. The gun was found in a back bedroom in a closet filled with a man's clothes.

28. The logical inference to be drawn from the location where the gun was found was that the bedroom and the closet where it was found belonged to a man.

29. Since it could be logically inferred that the bedroom & closet where the gun was found belonged to a man, it could also be logically inferred that the gun belonged to a man.

30. After the gun was found, Defendant, MARK KEMNER, a bald-headed man with no hat, came into the living room, holding aloft the gun which had been found in the back bedroom closet filled with a man's clothes.

4

31. After the gun was found, Defendant, VINCENT SCHMIDT, a bald-headed man with no hat, came into the living room, holding aloft the gun which had been found in the back bedroom closet filled with a man's clothes.

32. Defendant, MARK KEMNER, then directed a verbal question to Tyrell Rogers and Plaintiff, who were sitting in the living room.

33. Defendant, VINCENT SCHMIDT, then directed a verbal question to Tyrell Rogers and Plaintiff, who were sitting in the living room.

34. Tyrell Rogers and Plaintiff each heard the question directed to them while they were sitting in the living room.

35. The question directed to Tyrell Rogers and Plaintiff, while holding up the gun, may be paraphrased as "whose gun is this?"

36. Tyrell Rogers verbally answered the question, "whose gun is this?".

37. Defendant, MARK KEMNER, heard & understood Tyrell Rogers' answer to his query.

38. Defendant, VINCENT SCHMIDT, heard & understood Tyrell Rogers' answer to his query.

39. Plaintiff heard & understood Tyrell Rogers' answer to the query, "whose gun is this?"

40. Tyrell Rogers answered "it's mine."

41. The officers arrested Tyrell Rogers.

42. Plaintiff, NATASHA MORALES, was placed in custody by Defendant, MARK KEMNER.

43. Plaintiff, NATASHA MORALES, was placed in custody by Defendant, VINCENT SCHMIDT.

44. Defendant, MARK KEMNER, said to Plaintiff "we are taking you for one hour."

45. Defendant, VINCENT SCHMIDT, said to Plaintiff "we are taking you for one hour."

46. The arresting officer did not have an arrest warrant for Plaintiff.

47. Plaintiff, NATASHA MORALES, did not consent to being removed from the apartment.

48. Plaintiff was forcibly removed from the apartment by Defendant, MARK KEMNER.

49. Plaintiff was forcibly removed from the apartment by Defendant, VINCENT SCHMIDT.

50. When she was removed from the apartment, Plaintiff was placed in handcuffs.

51. Plaintiff was taken to the Camden County Sheriff's Office, at 520 Market Street, Camden, New Jersey.

52. Plaintiff was held in the Camden County Sheriff's Office for approximately one hour.

53. Defendant, MARK KEMNER, was present the entire time Plaintiff was held at the Camden County Sheriff's Office.

54. Defendant, VINCENT SCHMIDT, was present the entire time Plaintiff was held at the Camden County Sheriff's Office.

55. Defendant, MARK KEMNER, did not ask Plaintiff any questions while she was held at the Camden County Sheriff's Office.

56. Defendant, VINCENT SCHMIDT, did not ask Plaintiff any questions while she was held at the Camden County Sheriff's Office.

57. The only question Plaintiff was asked while she was at the Camden County Sheriff's Office was whether she had a criminal record, and that by a different officer.

58. No criminal charges were lodged against Plaintiff.

59. After approximately one hour, Plaintiff was told she was released, free to go, by Defendant, MARK KEMNER.

6

60. After approximately one hour, Plaintiff was told she was released, free to go, by Defendant, VINCENT SCHMIDT.

61. The command to sit on the couch and placement into custody of Plaintiff on October 11, 2019 were seizures for purposes of the New Jersey Constitution Article I Paragraph 7.

62. The law recognizes that a warrantless seizure of an individual by persons acting under color of state law is presumptively invalid under N.J. Constitution Article I Paragraph 7 unless that warrantless seizure falls within an exception to the warrant requirement, such as an investigative detention or probable cause to make a warrantless arrest.

63. The law further recognizes that an investigative detention must be temporary, and even a very brief extension of an investigative detention, once the original reasonable suspicion has been dispelled, without consent or renewed reasonable suspicion, infringes on a N.J. Const. Article I Paragraph 7 right to leave the scene.

64. Plaintiff, NATASHA MORALES, sues under the Civil Rights Act.

65. By extending the investigative detention of Plaintiff and taking her to the police station, after the original reasonable suspicion to hold her on her living room couch had dissipated, Defendant, MARK KEMNER, infringed upon her right to leave the scene absent renewed reasonable suspicion under N.J. Constitution Article I Paragraph 7.

66. By extending the investigative detention of Plaintiff and taking her to the police station, after the original reasonable suspicion to hold her on her living room couch had dissipated, Defendant, VINCENT SCHMIDT, infringed upon her right to leave the scene absent renewed reasonable suspicion under N.J. Constitution Article I Paragraph 7.

67. As a direct and proximate result of the conduct of the Defendant, MARK KEMNER, acting in his individual capacity, as aforesaid, Plaintiff, NATASHA MORALES, suffered psychological injuries, required treatment, had medical expense, and emotional distress.

68. As a direct and proximate result of the conduct of the Defendant, VINCENT SCHMIDT, acting in his individual capacity, as aforesaid, Plaintiff, NATASHA MORALES, suffered psychological injuries, required treatment, had medical expense, and emotional distress.

WHEREFORE, Plaintiff, NATASHA MORALES, demands judgment against Defendants, MARK KEMNER and VINCENT SCHMIDT, jointly, severally or in the alternative, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## COUNT II: CRA CLAIM FOR FALSE ARREST/FALSE IMPRISONMENT AGAINST INDIVIDUAL DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

69. Plaintiff, NATASHA MORALES, repeats the allegations of the First Count, and incorporates the same by reference as if fully set forth at length herein.

70. The law recognizes that when an investigative detention continues for added time beyond the completion of the mission or after all reasonable suspicion has dissipated, then a de facto arrest occurs.

71. The law further recognizes that once a de facto arrest occurs, it must be supported by probable cause.

72. By commanding Plaintiff to accompany him from her home, Defendant, MARK KEMNER, effectuated a de facto arrest upon Plaintiff.

73. By commanding Plaintiff to accompany him from her home, Defendant, VINCENT SCHMIDT, effectuated a de facto arrest upon Plaintiff.

74. By effectuating a de facto arrest upon Plaintiff without probable cause, Defendant, MARK KEMNER, infringed upon her right to leave the scene absent probable cause to arrest her under N.J. Constitution Article I Paragraph 7.

75. By effectuating a de facto arrest upon Plaintiff without probable cause, Defendant, VINCENT SCHMIDT, infringed upon her right to leave the scene absent probable cause to arrest her under N.J. Constitution Article I Paragraph 7.

76. As a direct and proximate result of the false arrest/false imprisonment by the Defendant, MARK KEMNER, acting in his individual capacity, as aforesaid, Plaintiff, NATASHA MORALES, suffered psychological injuries, required treatment, had medical expense, and emotional distress.

77. As a direct and proximate result of the false arrest/false imprisonment by the Defendant, VINCENT SCHMIDT, acting in his individual capacity, as aforesaid, Plaintiff, NATASHA MORALES, suffered psychological injuries, required treatment, had medical expense, and emotional distress.

WHEREFORE, Plaintiff, NATASHA MORALES, demands judgment against Defendants, MARK KEMNER and VINCENT SCHMIDT, jointly, severally or in the alternative, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

COUNT III: CRA CLAIM FOR PROLONGED INVESTIGATIVE DETENTION/FALSE ARREST/FALSE IMPRISONMENT AGAINST INDIVIDUAL DEFENDANT ACTING IN HIS/HER OFFICIAL CAPACITY

78. Plaintiff, NATASHA MORALES, repeats the allegations of the First-Second Counts, and incorporates the same by reference as if fully set forth at length herein.

79. Defendant, JOHN/JANE DOE 1, was a person with final policy-making authority on procedures for officers to take persons into custody, under circumstances where persons become known to the officer, who are present at an active scene or otherwise, who may have some value for investigative purposes of the officer or of the department.

80. Defendant, JOHN/JANE DOE 1's decisions represented final policy.

81. The law recognizes that a person, acting in his/her official capacity, may violate the Civil Rights Act by promulgating a policy which, when executed, violates a substantive right.

82. By promulgating a policy for officers to take persons into custody, as aforesaid, Defendant, JOHN/JANE DOE 1, acting in his/her official capacity, promulgated a policy which, when executed, violated the substantive rights of Plaintiff, NATASHA MORALES, under the New Jersey Constitution, Article I Paragraph 7.

83. As a direct and proximate result of the conduct by Defendant, JOHN/JANE DOE 1, acting in his/her official capacity, as aforesaid, Plaintiff, NATASHA MORALES, suffered psychological injuries, required treatment, had medical expense, and emotional distress.

WHEREFORE, Plaintiff, NATASHA MORALES, demands judgment against Defendant, JOHN/JANE DOE 1, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

10

COUNT IV: CRA *MONELL* CLAIM FOR PROLONGED INVESTIGATIVE DETENTION/FALSE
ARREST/FALSE IMPRISONMENT

84. Plaintiff, NATASHA MORALES, repeats the allegations of the First-Third Counts, and
incorporates the same by reference as if fully set forth at length herein.

85. Prior to October 11, 2019, Defendant(s), COUNTY OF CAMDEN or CAMDEN COUNTY
SHERIFF'S OFFICE, established a policy for officers to take persons into custody, under
circumstances where persons become known to officers, who are present at an active
scene or otherwise, who may have some value for investigative purposes of the officer
or of the department.

86. The policy established by Defendant(s), COUNTY OF CAMDEN or CAMDEN
COUNTY SHERIFF'S OFFICE, was implemented on 10/11/19 with regard to Pltf.

87. By reason of the implementation of the policy on October 11, 2019, Plaintiff, NATASHA
MORALES, was deprived of a substantive right or had a substantive right interfered with
under N.J. Constitution Article I Paragraph 7.

88. Defendant(s), COUNTY OF CAMDEN or CAMDEN COUNTY SHERIFF'S OFFICE, is liable
applying *Monell* for the establishment of a policy which, when executed, caused a
deprivation of or interference with a substantive right.

89. As a direct and proximate result of the conduct of Defendant(s), COUNTY OF CAMDEN
or CAMDEN COUNTY SHERIFF'S OFFICE, as aforesaid, Plaintiff suffered psychological
injuries, required treatment, had medical expense, and emotional distress.

WHEREFORE, Plaintiff, NATASHA MORALES, demands judgment against Defendant(s),

COUNTY OF CAMDEN and/or CAMDEN COUNTY SHERIFF'S OFFICE, for compensatory damages,

punitive damages, reasonable attorney's fees, interest and costs of suit.

JURY DEMAND

Plaintiff, NATASHA MORALES, requests a trial by jury of all issues which are triable by a jury.

DESIGNATION OF TRIAL COUNSEL

Peter Kober, Esq. is designated as trial counsel for Plaintiff, NATASHA MORALES.

KOBER LAW FIRM, LLC

BY:  s/ Peter Kober
Peter Kober, Esq.

DATED: September 14,
2020

CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1(b)(2) it is hereby stated that the matter in controversy is not the subject

of any other action pending in any other court or of a pending arbitration proceeding to the

best of my knowledge and belief. Also, to the best of my belief, no other action or arbitration

proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of

no other parties that should be joined in this action. In addition, I recognize the continuing

obligation of each party to file and serve on all other parties and the court an amended

certification if there is a change in the facts of this certification.

KOBER LAW FIRM, LLC

BY:  s/ Peter Kober
Peter Kober, Esq.

DATED: September 14, 2020

12

VERIFICATION

I have read the verified complaint and the information contained in it is true and correct based on my personal knowledge.

The foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: 8-14-2020

# Exhibit B

CHRISTOPHER A. ORLANDO, COUNTY COUNSEL
BY:    HOWARD L. GOLDBERG, FIRST ASSISTANT COUNTY COUNSEL
ATTORNEY #012521982
520 MARKET STREET, 14TH FLOOR COURT HOUSE
CAMDEN, NEW JERSEY 08102-1375
(609) 225-5543
ATTORNEY FOR DEFENDANTS COUNTY OF CAMDEN, CAMDEN COUNTY
SHERIFF'S OFFICE, MARK KEMNER and VINCENT SCHMIDT

| | |
|---|---|
| NATASHA MORALES | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION - CAMDEN COUNTY |
| | : DOCKET NO.  CAM-L-003015-20 |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| COUNTY OF CAMDEN, MARK | : ANSWER OF DEFENDANTS |
| KEMNER, VINCENT SCHMIDT, | : COUNTY OF CAMDEN, CAMDEN |
| CAMDEN COUNTY SHERIFF'S | : COUNTY SHERIFF'S DEPARTMENT, |
| OFFICE, JOHN/JANE DOE 1 and | : MARK KEMNER, VINCENT |
| JOHN/JANE DOES 2-10, | : SCHMIDT |
| | : |
| Defendants | : |
| | : |

The defendants, by way of Answer to the Complaint say:

## COUNT I: CRA CLAIM FOR PROLONGED INVESTIGATIVE DETENTION AGAINST INDIVDUAL DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

1.    The answering defendants have insufficient information, knowledge or belief regarding these allegations, which are therefore neither admitted nor denied, leaving the plaintiff to her proofs.

2.    Admitted.

3.    Admitted.

4.    It is admitted that Mark Kemner is employed as a Detective with the Camden County Sheriff's Office.

5.      It is admitted that Vincent Schmidt is employed as a Sheriff's Officer with the Camden County Sheriff's Office.

6.      These allegations are neither admitted nor denied, leaving plaintiff to her proofs.

7.      These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

8.      Admitted.

9.      These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

10.     Admitted.

11.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

12.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

13.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

14.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

15.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

16.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

17.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

18.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     These allegations are neither admitted nor denied, leaving the plaintiff to his proofs.

23.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

24.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

25.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

26.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

27.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

28.     This allegation represents an opinion and not a fact and accordingly no response is required.

29.     This allegation represents an opinion and not a fact and accordingly no response is required.

30. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

31. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

32. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

33. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

34. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

35. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

36. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

37. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

38. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

39. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

40. These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

41.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

42.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

43.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

44.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

45.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

46.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

47.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

48.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

49.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

50.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

51.     Admitted.

52.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

53.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

54.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

55.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

56.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

57.     These allegations are neither admitted nor denied, leaving the plaintiff to her proofs.

58.     Admitted.

59.     Admitted.

60.     Admitted.

61.     This allegation represents a legal opinion and is therefore neither admitted nor denied.

62.     This allegation represents a legal opinion and is therefore neither admitted nor denied.

63.     This allegation represents a legal opinion and is therefore neither admitted nor denied.

64.     This allegation represents a legal opinion and is therefore neither admitted nor denied.

65.     Denied.

66.     Denied.

67.    Denied.

68.    Denied.

**WHEREFORE,** Defendants demand judgment, dismissing plaintiff's complaint

with prejudice and costs of suit.

<u>**COUNT II: CRA CLAIM FOR FALSE ARREST/IMPRIONMENT AGAINST**</u>
<u>**INDIVIDUAL DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY**</u>

69.    Defendants repeat the answers to the foregoing paragraphs as if the same

were set forth at length herein.

70.    This allegation represents a legal opinion and is therefore neither admitted

nor denied.

71.    This allegation represents a legal opinion and is therefore neither admitted

nor denied.

72.    This allegation represents a legal opinion and is therefore neither admitted

nor denied.

73.    This allegation represents a legal opinion and is therefore neither admitted

nor denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

**WHEREFORE,** Defendants demand judgment, dismissing plaintiff's complaint

with prejudice and costs of suit.

<u>**COUNT III: CRA CLAIM FOR PROLONGED INVESTIGATIVE**</u>
<u>**DETENTION/FALSE ARREST/FALSE IMPRISONMENT AGAINST**</u>
<u>**INDIVIDUAL DEFENDANT ACTING IN HIS/HER OFFICIAL CAPACITY**</u>

78.   Defendants repeat the answers to the foregoing paragraphs as if the same were set forth at length herein.

79.   These allegations are unclear and are, therefore, neither admitted nor denied.

80.   These allegations are unclear and are, therefore, neither admitted nor denied.

81.   This allegation represents a legal opinion and is therefore neither admitted nor denied.

82.   Denied.

83.   Denied.

**WHEREFORE**, Defendants demand judgment, dismissing plaintiff's complaint with prejudice and costs of suit.

### COUNT IV: CRA *MONELL* CLAIM FOR PROLONGED INVESTIGATIVE DETENTION/FALSE ARREST/FALSE IMPRISONMENT

84.   Defendants repeat the answers to the foregoing paragraphs as if the same were set forth at length herein.

85.   These allegations are unclear and are, therefore, neither admitted nor denied.

86.   These allegations are unclear and are, therefore, neither admitted nor denied.

87.   Denied.

88.   Denied.

89.   Denied.

**WHEREFORE**, Defendants demand judgment, dismissing plaintiff's complaint with prejudice and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred in whole or in part due to the absolute and/or qualified immunity afforded to the defendant.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred in whole or in part, as the defendant complied with all applicable statutes, regulations and common law duties owed to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred in whole or in part, as the plaintiff suffered no violation of her civil rights due to the action or inaction of the defendant.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred in whole or in part on the basis of those defenses specified under the applicable Rules of Civil Procedure, which the defendants have not waived: (a) lack of jurisdiction over the defendants; (b) improper venue; (c) insufficiency of process; and/or (d) insufficiency of service or process.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred in whole or in part; as the actions of the answering defendant complained of do not rise to the level of a constitutional violation.

## SEVENTH AFFIRMATIVE DEFENSE

The answering defendants were not guilty of negligence and did not breach or violate any duty or obligation owed to the plaintiff, if any. Even if the answering defendants were negligent, such negligence did not rise to the level of a constitutional violation.

## EIGHTH AFFIRMATIVE DEFENSE

The answering defendants at all times relevant herein performed their duties, and at no time were the answering defendants grossly negligent, reckless and/or deliberately indifferent to the medical, safety or other needs of the plaintiff.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred in whole or in part, as the answering defendant is immune by virtue of the good faith exercise of their official duties.

## TENTH AFFIRMATIVE DEFENSE

The injuries suffered by the plaintiff, if any, resulted from the actions, failure to act, or third parties over whom the answering defendants had no control and/or no duty to control.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendants are entitled to qualified immunity for the actions complained of by the plaintiff.

## RESERVATION OF DEFENSES AND OBJECTIONS

The defendants hereby reserve the right to interpose such other defenses and objections as continuing investigation may disclose.

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding which is the subject of the matter in controversy and no other arbitration proceeding which is contemplated, except as set forth in Plaintiffs' Complaint. I am not aware of any other parties who should be joined at this time. I certify that the foregoing statements made by me are true. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

## REQUEST FOR STATEMENT OF AMOUNT OF DAMAGES CLAIMED

Pursuant to R. 4:5-2, you are hereby requested to submit to the undersigned, within 5 days after service hereof upon you, a statement of the amount of damages claimed by you in each count of the complaint, in the above entitled action.

COUNTY COUNSEL

BY:   /s/ Howard L. Goldberg
HOWARD L. GOLDBERG
FIRST ASSISTANT COUNTY COUNSEL
DATED: November 10, 2020          ATTORNEY FOR DEFENDANTS

## DESIGNATION OF TRIAL COUNSEL

Howard L. Goldberg is hereby designated as trial counsel in the above matter.

## JURY TRIAL DEMANDED

A jury trial is demanded as to all issues raised in plaintiff's complaint.

COUNTY COUNSEL

DATED:  November 10, 2020     BY: /s/ Howard L. Goldberg
HOWARD L. GOLDBERG
FIRST ASSISTANT COUNTY COUNSEL
ATTORNEY FOR DEFENDANT

11

## CERTIFICATION OF SERVICE AND E-FILING

I certify that on November 10, 2020, a true and correct copy of Defendants'

Answer to Plaintiff's Amended Verified Complaint and Jury Demand was filed

electronically with the New Jersey Court and a copy served on counsel of record via ECF

and by regular mail to Peter Kober, Esquire, 1864 Route 70 East, Cherry Hill, New

Jersey 08003.

DONNA BAKER

# Exhibit C

RACHAEL A. HONIG
Acting United States Attorney
JOHN STINSON
Assistant United States Attorney
402 East State Street
Trenton, NJ 08608
Tel. (609) 858-0305
email: John.Stinson@usdoj.gov
*Counsel for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATASHA MORALES,<br><br>        *Plaintiff,*<br><br>   v.<br><br>UNITED STATES (substituted as defendant for Mark Kemner and Vincent Schmidt),<br><br>        *Defendant.* | THE HONORABLE _____<br><br>CIVIL ACTION NO. _____<br><br>**CERTIFICATION OF<br>SCOPE OF EMPLOYMENT** |

I, J. Andrew Ruymann, Chief, Civil Division, United States Attorney's Office for the District of New Jersey, acting pursuant to the provisions of 28 U.S.C. § 2679, as amended by Public Law 100-694, and by virtue of the authority vested in me by 28 C.F.R. § 15.4, make this Certification of the Scope of Employment regarding Mark Kemner and Vincent Schmidt.

I have read the Amended Complaint filed in the Superior Court of Camden County, New Jersey, Law Division, captioned as *Natasha Morales v. County of Camden, Mark Kemner, Vincent Schmidt, Camden County Sheriff's Office, John/Jane Doe 1, and John/Jane Does 2-10*, CAM-L-003015-20, and all documents

accompanying it.  On the basis of the information now available with respect to the allegations therein, I find that each of named defendants Mark Kemner and Vincent Schmidt was acting within the scope of his employment as an employee of the United States at the time of the allegations set forth in the Amended Complaint. Specifically, each of these defendants was operating as a Special Deputy United States Marshal under the direction of the New York-New Jersey Regional Task Force (NYNJRTF).

RACHAEL A. HONIG
Acting United States Attorney

*s/ J. Andrew Ruymann*

By: _____
J. Andrew Ruymann
Chief, Civil Division

Dated: June 1, 2021

2